No. 25640

**The People of the State of Colorado v. Robert Moore**
(518 P.2d 944)

Decided February 4, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

This appeal involves the crime of extortion and compels us

to reconsider whether extortion not only falls within the theft statute (1967 Perm. Supp., C.R.S. 1963, 40-5-2), but also within the robbery statute (1967 Perm. Supp., C.R.S. 1963, 40-5-1). The defendant was convicted of simple robbery (1967 Perm. Supp., C.R.S. 1963, 40-5-1). The defendant contends that the crime he committed, if any, was theft, and not robbery, and that his motion for judgment of acquittal on the robbery charge should have been granted. We agree and reverse.

The Adams County sheriff's department learned through a citizen-informant that the defendant intended to extort money from a Del Farm store. He committed the crime by telephoning the manager of the store and advising him that bombs were located within the store that would be detonated if a sum of money was not deposited at a particular place. Members of the sheriff's office were present at the time the call came in and caused money to be delivered, in accordance with the defendant's demands. The defendant was arrested when he took possession of the money and was subsequently charged with robbery and attempted theft. Later, the attempted theft charge was dismissed, and the defendant was convicted of robbery.

On prior occasions, this court has stated that one means for committing theft is by the use of threats or extortion. Extortion is now part of the theft statute (1967 Perm. Supp., C.R.S. 1963, 40-5-2(1)(b)(iii)). *White v. People,* 172 Colo. 271, 472 P.2d 674 (1970). We have also declared that theft is not a lesser included offense of robbery. *Schott v. People,* 174 Colo. 15, 482 P.2d 101 (1971). We have not been presented with any convincing reason which would cause us to depart from the views which we expressed in *White v. People, supra,* and *Schott v. People, supra.*

Accordingly, the crime that the defendant committed was the crime of theft, and not robbery. Since the defendant was charged with and convicted of a crime which he did not commit, we reverse and remand with directions that the defendant's motion for a judgment of acquittal as to the robbery charge be granted.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE LEE concur.