The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Joseph S. FOX, Defendant–Appellant.

No. 95CA1811.

Colorado Court of Appeals,
Division B.

Oct. 10, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Paul Koehler, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Ronald M. Aal, Denver, for Defendant–Appellant.

Opinion by Judge TURSI.*

Defendant, Joseph Sean Fox, appeals the judgment of conviction entered on a verdict in a trial to the court finding him guilty of one count of robbery and one count of conspiracy to commit robbery. On appeal, defendant's argument is that there was insufficient evidence to establish a taking by force, threat, or intimidation, an element necessary to support the court's verdicts. We disagree and affirm.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support the conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People,*

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

756 P.2d 945 (Colo.1988); *People v. Stafford,* 890 P.2d 244 (Colo.App.1994).

■ It is the finder of fact's role to decide questions of witness credibility and the appropriate weight to be given to their testimony. *People v. Quick,* 713 P.2d 1282 (Colo. 1986). We may not disturb the finder of fact's determination on such issues unless the evidence, when appropriately viewed, is legally insufficient to support a finding of guilty by a reasonable person beyond a reasonable doubt. *People v. Parks,* 749 P.2d 417 (Colo.1988).

■ We agree with defendant that the knowingly taking of something of value from the person or presence of another by the use of force, threats, or intimidation is a necessary element of the crime of robbery. Section 18–4–301, C.R.S. (1986 Repl.Vol. 8B).

Here, the prosecution established that defendant's wife stole another woman's purse from a shopping cart. At the time defendant's wife took the purse, the rightful owner's husband noted the disappearance of the purse and seeing the defendant's wife walking away from the cart followed her from the store in order to retrieve the purse. Outside the store, defendant put his arm around his wife and the two walked quickly toward their truck.

The husband followed the couple as they walked toward the truck. The husband asked the two to return the purse or prove that it belonged to them. Defendant threatened to harm the husband if he persisted in his accusations. When defendant and his wife reached the truck, defendant forcefully shoved the husband. Defendant and his wife then drove away in the truck with the purse.

Defendant contends that the trial court's reliance on *People v. Bartowsheski,* 661 P.2d 235 (Colo.1983) was misplaced. Defendant argues on appeal that, in *Bartowsheski,* the force was applied prior to the taking, while here the theft was accomplished without force. Therefore, he argues, the evidence of guilt was insufficient as a matter of law because force was not used to obtain control over the stolen purse. In this regard, defendant maintains that, at the point he shoved the husband, the theft of the purse had been fully completed such that the shoving did not contribute to the victims' loss of control over the purse. We are not persuaded.

In *People v. Bartowsheski, supra,* 661 P.2d at 244, our supreme court held that "property is taken 'from the presence of another' when it is so within the victim's reach, inspection or observation that he or she would be able to retain control over the property but for the force, threats, or intimidation directed by the perpetrator against the victim." Thus, applying that definition to the facts there at issue, the court concluded that "the 'presence' element is broad enough to encompass the situation where the victim of the robbery, against whom the force, threats, or intimidation is directed, is present in one room of a family home and the taking occurs within another room." *People v. Bartowsheski, supra,* 661 P.2d at 244.

The court in *Bartowsheski* also rejected the contention that a robbery can only be proven on the basis of a single discrete incident: "The gravamen of robbery is the application of physical force or intimidation against the victim *at any time during the course of the transaction* culminating in the taking of property from the victim's person or presence.... There is no requirement that the application of force or intimidation must be virtually contemporaneous with the taking." *People v. Bartowsheski, supra,* 661 P.2d at 244 (emphasis added).

■ We conclude that there is sufficient evidence in the record to support defendant's robbery conviction consistent with the "course of the transaction" doctrine announced in *Bartowsheski.*

Defendant does not dispute that the husband and wife were both rightful owners of the property taken. Therefore, at the moment that defendant shoved the husband, he was utilizing force against a person who had a right to exercise control over an item of property that was still within his sight and which would have been within his control if not for defendant's use of force. *See People v. Benton,* 829 P.2d 451, 453 (Colo.App.1991) (for purposes of robbery, property can only be taken from the presence of another if that

person is exercising, or has "the right to exercise, control over the article taken").

Finally, because defendant does not challenge the sufficiency of evidence underlying his conspiracy conviction on any basis apart from his challenge to the robbery conviction, we likewise conclude there is sufficient evidence in the record to support that conviction as well.

Judgment affirmed.

NEY and PIERCE*, JJ., concur.