FILED
United States Court of Appeals
Tenth Circuit

January 4, 2017

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL KEVIN HARRIS,

Defendant - Appellant.

No. 16-1237

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:04-CR-00158-CMA, 1:16-CV-01144-CMA)**

Josh Lee, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs) Office of the Federal Public Defender, Denver, Colorado, for Appellant.

J. Bishop Grewell, Assistant U.S. Attorney (Bob Troyer, Acting U.S. Attorney, with him on the brief) Office of the U.S. Attorney for the District of Colorado, Denver, Colorado, for Appellee.

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **BACHARACH**, Circuit Judges.

**TYMKOVICH**, Chief Judge.

The issue in this appeal questions what should be the obvious: That statutory robbery is a "violent felony" under the Armed Career Criminal Act

(ACCA). But in the last twelve months, eleven circuit-level decisions have reached varying results on this very narrow question—in examining various state statutes, five courts have found no violent felony and six have found a violent felony. So the obvious may not be so plain. Upon independent examination of the Colorado robbery statute here, however, we believe Colorado robbery qualifies as a violent felony because it has as an element the use or threatened use of "physical force" against another person that is capable of causing physical pain or injury.

The ACCA requires a fifteen-year mandatory minimum sentence when the defendant has three or more qualifying "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA's scheme provides three ways the government can prove a prior conviction qualifies: the elements clause, § 924(e)(2)(B)(i); the enumerated-offenses clause, § 924(e)(2)(B)(ii); and the residual clause, § 924(e)(2)(B)(ii). In June 2015, however, the Supreme Court held the residual clause to be unconstitutionally vague, *Johnson v. United States (Johnson II)*, 135 S. Ct. 2551, 2563 (2015), leaving only the elements and the enumerated-offenses clauses. Because statutory robbery is not one of the enumerated offenses in § 924(e)(2)(B)(ii), this appeal involves the elements clause.

After the Supreme Court held its pronouncement in *Johnson II* must be applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), Michael Harris moved to vacate his sentence under 28 U.S.C.

§ 2255. He argued because his 1979 Colorado robbery conviction no longer qualified under the residual clause, he did not have the requisite number of qualifying violent felony convictions. The government conceded that the applicability of the § 924(e)(1) enhancement turned on whether Harris's Colorado robbery conviction satisfied the elements clause.

In an expedited decision, the district court denied Harris § 2255 relief, finding Colorado's robbery statute satisfied the elements clause because it has as an element the use or threatened use of "physical force" against another person. We agree. Exercising jurisdiction under 28 U.S.C. §§ 1291, 2255(d), we affirm.

## I. Background

In 2004, Michael Harris pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The maximum sentence for a felon-in-possession conviction is typically ten years. § 924(a)(2). But because the sentencing court found Harris had three qualifying "violent felonies" or "serious drug offenses," as defined by the ACCA, the court applied the § 924(e)(1) enhancement and sentenced Harris to the fifteen-year mandatory minimum. The sentencing court relied on the following convictions: (1) robbery (Colorado, 1979); (2) second-degree burglary (Colorado, 1983); (3) distribution of a controlled substance (Colorado, 1998); and (4) distribution of a controlled substance (Colorado, 1998). This court affirmed Harris's fifteen-year sentence on direct appeal. *United States v. Harris*, 447 F.3d 1300 (10th Cir. 2006).

Fast forward eleven years from the date of conviction. In June 2015, the Supreme Court in *Johnson II* struck the residual clause in § 924(e)(2)(B)(ii) on vagueness grounds. 135 S. Ct. at 2563. Because *Johnson II* eliminated the broader of the clauses defining violent felony in § 924(e)(2)(B)—*i.e.*, the residual clause—the result has been that prior residual-clause convictions must now stand or fall based on an analysis under the elements clause. And that is exactly what is at issue in this appeal.

In response to *Johnson II* and *Welch* Harris moved to vacate his sentence under 28 U.S.C. § 2255. He argued that without the residual clause, he no longer had three qualifying violent felony convictions. The government conceded Harris's second-degree burglary conviction no longer qualified as a violent felony, but maintained his robbery conviction remained a violent felony under the elements clause in § 924(e)(2)(B)(i). Thus, the parties agreed that whether Harris had a third qualifying conviction was based on whether Colorado's robbery statute satisfies the elements clause, meaning whether it has as an element the use or threatened use of physical force against another person. The district court sided with the government and found that "robbery in Colorado—as that crime has been interpreted by Colorado courts—is a 'violent felony' under the ACCA because it has as an element the use, attempted use, or threatened [use] of physical force against the person of another." But other district court judges have found the opposite, *see United States v. Crump*, No. 15-CR-123 (D. Colo. Dec. 2,

-4-

2015) (oral ruling); *United States v. Estes*, No. 05-CR-187 (D. Colo. Sept. 15, 2016).  We now resolve the conflict.

## II.  Analysis

A motion to vacate a sentence under 28 U.S.C. § 2255 "is generally the exclusive remedy for a federal prisoner seeking to 'attack[] the legality of detention.'"  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).  "[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error."  *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998) (citing *United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996)).

Under the ACCA, a person who violates 18 U.S.C. § 922(g)(1) is subject to an enhanced sentence if he has three or more prior convictions for a "violent felony."  § 924(e)(1).  A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year" that:

> [1] Elements Clause:  "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i);
>
> [2] Enumerated-Offenses Clause:  is a categorical match to the generic offenses of "burglary, arson, or extortion," § 924(e)(2)(B)(ii); or
>
> [3] Residual Clause:  "otherwise involves conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B)(ii).

In *Johnson II*, the Supreme Court struck the residual clause as unconstitutionally vague.  135 S. Ct. at 2563.  Writing for the Court, Justice Scalia explained, the Court had decided five residual-clause cases in eight years with varying results.

*Id.* at 2556 (collecting cases). "We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. As a result, if a prior conviction is not one of the enumerated offenses in § 924(e)(2)(B)(ii), the focus turns to the elements clause in § 924(e)(2)(B)(i).

To determine if a prior conviction qualifies as a violent felony under the ACCA, we apply the categorical approach, focusing on the elements of the crime of conviction, not the underlying facts. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). The question we must answer then is whether Colorado's robbery statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* § 924(e)(2)(B)(i). This inquiry requires application of both federal law and Colorado state law. Federal law defines the meaning of the phrase "use, attempted use, or threatened use of physical force" in § 924(e)(2)(B)(i). *Johnson v. United States (Johnson I)*, 559 U.S. 133, 138 (2010) ("The meaning of 'physical force' in § 924(e)(2)(B)(i) is a question of federal law . . . ."); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (applying federal law to define "use"). And state law defines the substantive elements of the crime of conviction. *Johnson I*, 559 U.S. at 138 ("We are . . . bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements of [the crime of conviction].").

Harris limits his challenge to the elements clause's "physical force" component. A two-step inquiry resolves whether Colorado's robbery statute requires physical force as that term is used in the ACCA: we must identify the minimum "force" required by Colorado law for the crime of robbery and then determine if *that* force categorically fits the definition of physical force. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) ("Because we examine what the state conviction necessarily involved . . . we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, *and then* determine whether even *those acts* are encompassed by the generic federal offense." (alterations in original) (emphasis added)). The Supreme Court has reminded us that in construing the minimum culpable conduct, such conduct only includes that in which there is a "realistic probability, not a theoretical possibility" the state statute would apply. *Id.* at 1685 (citation omitted). Decisions from the state supreme court best indicate a "realistic probability," supplemented by decisions from the intermediate-appellate courts.

Before discussing Colorado courts' construction of its robbery statute, we first consider how the Supreme Court has defined "physical force" for purpose of the elements clause in § 924(e)(2)(B)(i). For it is this definition that is the point of comparison.

### A. *"Physical Force" Means "Violent Force"*

The Supreme Court's decision in *Johnson I* supplies the meaning of

physical force as it is used in the elements clause. *See Johnson I*, 559 U.S. at

135. Although the ACCA does not define physical force, Justice Scalia writing

for the majority in *Johnson I* sought to give the phrase its ordinary meaning. *Id*.

at 138. The term "physical" plainly means "force exerted by and through

concrete bodies," distinguished from "intellectual force or emotional force." *Id*.

Moving to the noun "force," the Court observed that it "poses the difficulty." *Id*.

At common law, force could be "satisfied by even the slightest offensive

touching," but the Court rejected this traditional definition, explaining that

ultimately "context determines meaning." *Id*. at 139. And in an oft-quoted

passage, the Court stated,

> We think it clear that in the context of a statutory
> definition of '*violent* felony,' the phrase 'physical force'
> means *violent* force—that is, force capable of causing
> physical pain or injury to another person.

*Id*. at 140 (emphasis in original). Reaffirming its definition, the Court explained,

"Even by itself, the word 'violent' in § 924(e)(2)(B) [referencing the subsection

defining violent felony] connotes a substantial degree of force." *Id*. at 140. And

"[w]hen the adjective 'violent' is attached to the noun 'felony,' its connotation of

strong physical force is even clearer." *Id*. at 140–41 (citing among others *United

States v. Doe*, 960 F.2d 221, 225 (1st Cir. 1992) (Breyer, C.J.) ("[T]he term to be

defined, 'violent felony,' . . . calls to mind a tradition of crimes that involve the possibility of more closely related, active violence.")); *see also Leocal*, 543 U.S. at 11 ("[E]mphasis on the use of physical force against another person . . . suggests a category of *violent, active crimes* that cannot be said naturally to include DUI offenses." (emphasis added)).

It is important to keep in mind why it was necessary for the Court to use the language it did.  For it was rejecting the government's argument that physical force means "force" known in common law battery parlance.  *See Johnson I*, 559 U.S. at 139 ("There is, however, a more specialized legal usage of the word 'force':  its use in describing one of the elements of the common-law crime of battery . . . .").  That is, the force element is satisfied by even the slightest offensive touching.  *Id*. (citing among others 3 William Blackstone, *Commentaries on the Laws of England* 120 (1768) [hereinafter Blackstone]).  So it makes sense that the Court, in construing the meaning of physical force in the ACCA's *violent* felony definition, referenced "a substantial degree of force," "strong physical force," or  "powerful force."  Indeed, the Court was differentiating between the force required for the common law offense of battery.

This is further illustrated by the Court's rejection of the government's claim that, because Congress failed to add a "bodily injury" qualifier to physical force, *compare* § 922(g)(8)(C)(ii) ("the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be

expected to cause bodily injury"), the merest of touches must suffice. But the Court observed even as a matter of logic, the absence of the qualifier does not suggest physical force only requires a mere touching. "It might consist, for example, of only that degree of *force necessary to inflict pain—a slap in the face, for example*." *Johnson I*, 559 U.S. at 143 (emphasis added). And in his concurrence in *United States v. Castleman*, Justice Scalia expanded on that understanding, explaining that force "capable of causing physical pain or injury," includes such conduct as "[h]itting, slapping, shoving, grabbing, pinching, biting, [and] hair pulling." 134 S. Ct. 1405, 1421 (2014) (citation omitted); *id.* at 1422 (citing *Johnson I* and "identifying 'a slap in the face' as conduct that might rise to the level of violent force").[1]

---

[1] Harris contends the *Castleman* majority listed "pushing, grabbing, shoving, slapping, and hitting" as *non-violent* force for purpose of *Johnson I*. Reply Br. 5 (quoting *Castleman*, 134 S. Ct. at 1411 (majority opinion)). This asks too much of what the majority said. In the paragraph Harris references, the Court attempted to differentiate between "violence," as construed in *Johnson I*, and "domestic violence." *See Castleman*, 134 S. Ct. at 1411. "'Domestic violence' is not merely a type of 'violence'; it is a term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context." *Id*. The Court then cited as illustrative an enumerated list of conduct provided by the DOJ. But the Court was sure to explain,

> The Courts of Appeals have generally held that mere offensive touching cannot constitute the 'physical force' necessary to a 'crime of violence,' just as we held in *Johnson* that it could not constitute the 'physical force' necessary to a 'violent felony.'" . . . Nothing in today's opinion casts doubt on these holdings, because—as we explain—'domestic violence' encompasses a range of

(continued...)

With that understanding of "physical force" in mind—that is, physical force means violent force, or force capable of causing physical pain or injury to another person—we turn to whether Colorado's robbery statute has as an element the use or threatened use of physical force.

### B. Statutory Robbery in Colorado Requires the Use or Threatened Use of "Physical Force"

The Colorado Supreme Court has stated that robbery in Colorado requires a "violent taking," which we believe is consistent with the physical force required by the ACCA's elements clause. To be convicted of robbery in Colorado a person must "knowingly take[] anything of value from the person or presence of another *by the use of force, threats, or intimidation*." Colo. Rev. Stat. § 18-4-301(1) (2016) (emphasis added). It is what is required by the "use of force, threats, or intimidation" element that is at the center of this appeal.[2]

---

[1](...continued)
> force broader than that which constitutes 'violence' *simpliciter*.

*Id.* at 1411 n.4.

[2] Colorado's robbery statute sets forth alternative means for satisfying the statute's conduct element, *see Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)—*i.e.*, "force, threats, *or* intimidation," Colo. Jury Instr. (Crim.) 4–3:01 (2016) (emphasis added) (listing "by the use of force, threats, or intimidation" as one element). As such, the statute is indivisible and we apply the categorical approach, *Mathis*, 136 S. Ct. at 2248, focusing our attention on "'the least of th[e] acts' criminalized," *Moncrieffe*, 133 S. Ct. at 1684 (alteration in original).

We start with the Colorado Supreme Court's most recent interpretation of the statute. In *People v. Borghesi*, the court set out to decide whether Colorado robbery is a crime against the person or a crime against property. 66 P.3d 93, 99 (Colo. 2003). *Borghesi* involved a defendant's double-jeopardy challenge after he was convicted of two counts of robbery for forcefully taking money from two store clerks during a shift change—so, one taking, but from two people. *Id.* at 95, 97. The court noted Colorado's robbery statute was revised and reenacted in 1971 and tracks the elements of common law robbery. *Id.* at 99. Because "there is no indication that the legislature has departed from the usual and customary meaning of any of the common law terms," the court sought guidance from the common law. *Id.* (citing *People v. Jenkins*, 599 P.2d 912, 913 (Colo. 1979)).

Citing Blackstone, *Odgers on the Common Law of England*, and Professor LaFave's popular criminal law treatise, the court reasoned that common law robbery requires a taking "by violence or intimidation."[3] *Id.* The court stated it

---

[3] 4 Blackstone 243 ("Open and violent larceny from the *person*, or *robbery*, . . . is the felonious and forcible taking, from the person of another, of goods or money to any value, *by violence or putting him in fear*." (third emphasis added)); 1 W. Blake Odgers, *The Common Law of England* 332 (2d ed. 1920) ("Robbery is the unlawful taking possession of the goods of another *by means of violence or threats of violence*, used with the object of obtaining those goods from the owner, without his consent and with the intention of depriving him permanently of all the benefits of his ownership." (emphasis added)); 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3 (2d ed. & 2015 Update) (explaining common law robbery required a taking "*by means of force or putting in fear*" (emphasis added)). *See also* 2 Joel Prentiss Bishop, *Bishop on Criminal Law* 860 (John M. Zane & Carl Zollmann eds., T. H. Flood & Co. 1923) (collecting

(continued...)

-12-

is the "violence" that distinguishes common law larceny from robbery. "Common law robbery . . . is easily distinguishable from the property crime of larceny. . . . [T]here can be no robbery without violence, and there can be no larceny with it." *Id*. Furthering that understanding, the court explained that at common law robbery was thought to be "amongst the most heinous felonies." *Id*. at 100 (quoting Rollins M. Perkins & Ronald N. Boyce, *Criminal Law* 344 (3d ed. 1982)); *see also* Edw. Coke, *The Third Part of the Institutes of the Laws of England: Concerning High Treason, and Criminal Causes* 68 (London, W. Rawlins 1680) (discussing robbery and explaining "[t]his is agreed of, of all, both ancient and late, without any question, and it is deemed in the Law to be among the most hainous Felonies"); 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3 (2d ed. & 2015 Update) [hereinafter LaFave] ("Robbery, a common-law felony, . . . may be thought of as aggravated larceny—misappropriation of property under circumstances involving a danger to the person as well as a danger to property—and this deserving greater punishment than that provided by larceny." (footnotes omitted)).

Accordingly, the court stated, "Just as the common law of robbery emphasizes the violence associated with the taking, so do our cases construing robbery statutes. We have stated that the gravamen of the offense of robbery is

[3](...continued)
definitions from Coke, Hale, Hawkins, East, Blackstone, and Lord Mansfield).

-13-

the violent nature of the taking." *Borghesi*, 66 P.3d at 100–01 (citing Colorado

cases from 1933 to 1986 (footnotes omitted)).  And because Colorado precedents

are consistent with "the common law emphasis on the assaultive nature of the

crime," Colorado's "robbery statutes are primarily intended to protect persons and

not property."  Therefore, the court rejected the defendant's double-jeopardy

challenge.

Thus far, so much is clear:  That robbery in Colorado requires a *violent*

taking.  *See id.* at 101 n.12 (stating Colorado robbery "involves the violent taking

'from a person'").  But Harris argues we should not take the Colorado Supreme

Court at its word—for it might not have meant "violent" when it said "violent."[4]

Op. Br. 12.  And for this point he relies on *People v. Davis*, 935 P.2d 79 (Colo.

App. 1996).  But *Davis* is a Colorado Court of Appeals decision that predates the

Colorado Supreme Court's *Borghesi* decision.  To the extent *Davis* suggests a

Colorado robbery conviction can be based on less than violent force, it is not

controlling in light of *Borghesi*.[5]

---

[4]  We note the dictionary defines "violent" as "characterized by extreme force . . . :  marked by abnormally sudden physical activity and intensity." Webster's New International Dictionary 2554 (3d ed. 1961).

[5]  Neither of Harris's other two cases—*Leyba v. People*, 481 P.2d 417 (Colo. 1971) and *People v. Fox*, 928 P.2d 820 (Colo. App. 1996)—explicitly discuss the force required to constitute robbery in Colorado.  Moreover, in *Fox*, the court described the force used by the defendant as a "forceful shove."  And in *Leyba*, the defendant approached the victim, and when she started to scream, he placed his hand over her mouth.  Surely this was enough to incite fear of personal
(continued...)

Because Colorado remains committed to the common law definition of robbery, we do not find persuasive other recent circuit-level decisions concluding that robbery is not a violent felony. For instance, in *United States v. Parnell*, although the Ninth Circuit concluded Massachusetts's robbery statute did not constitute a violent felony, it was careful to point out that Massachusetts had expressly departed from common law principles. 818 F.3d 974, 978–79 (9th Cir. 2016) (stating Massachusetts does not require resistance by the victim and noting Massachusetts has declined to follow the majority approach); *id.* at 982 (Watford, J., concurring) (explaining "Massachusetts has abandoned the traditional common-law definition of robbery. To distinguish robbery from larceny, the common law required more than just stealing property from the person of another. To commit robbery, the defendant also had to use violence or intimidation to coerce the victim into parting with his property. . . . In Massachusetts, however, a defendant may be convicted of robbery without using violence or intimidation of any sort. . . . It's enough . . . if the defendant sneaks up behind the victim and

---

[5](...continued)
harm—indeed, she "scratched [the defendant's] right cheek and bit his right hand" to escape. 481 P.2d at 418. But because the force employed was not at issue in either case, the courts did not pass judgment on whether the conduct exhibited the requisite degree of force for the crime of robbery.

snatches a purse from her hand without so much as touching the victim or doing anything to put her in fear beforehand.").[6]

As our explanation of *Borghesi* makes clear, we believe Colorado's robbery statute more closely tracks the state robbery statutes addressed in the circuit-level decisions finding robbery to be a violent felony. Thus, for example, the Eighth Circuit stated the Michigan Supreme Court has codified the common law definition of robbery, requiring a taking "by the use of force, violence, or putting in fear." *United States v. Lamb*, 638 F. App'x 575, 576 (8th Cir.) (unpublished) (citing *People v. Randolph*, 648 N.W.2d 164, 174 (Mich. 2002)), *vacated on other grounds*, 2016 WL 4399374 (Nov. 28, 2016).[7] The Eighth Circuit followed by concluding that robbery, as construed by the Michigan Supreme Court, "is clearly limited to conduct that accomplishes a forceful taking (or attempted taking) by using violence or the threat of violence to put the victim in fear of 'immediate

---

[6] The decisions from the Fourth and Eighth Circuits are also unpersuasive for similar reasons. *See United States v. Bell*, 840 F.3d 963, 966 (8th Cir. 2016) (stating that robbery in Missouri requires physical contact but it need not cause physical pain or injury); *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (explaining that for North Carolina common law robbery "the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property" (citation omitted)); *United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016) (observing that "physical force" in Arkansas is defined as "*any* . . . [b]odily impact, restraint, or confinement" (citation omitted) (alterations in original) (emphasis added)).

[7] The Supreme Court vacated the Eighth Circuit's decision in *Lamb* to allow the court to reexamine whether Wisconsin burglary is a violent felony in light of *Mathis*,136 S. Ct. 2243.

-16-

personal injury.'" *Id*. at 577 (citation omitted). "[R]obbery is a larceny aggravated by the fact that the taking is from the person, or in his presence, accomplished with force or the threat of force." *Id*. (alteration in original) (citation omitted). Thus, the court deemed Lamb's prior Michigan robbery convictions violent felonies under the elements clause in § 924(e)(2)(B)(i).[8]

Based on the foregoing, we conclude robbery by "force" in Colorado categorically matches the definition of "physical force" assigned by the Supreme Court in *Johnson I* (namely, "violent force—that is, force capable of causing physical pain or injury to another person"). A question remains, however, whether the constructive-force means in Colorado's robbery statute—*i.e.*, by

---

[8] *See also United States v. Doctor*, --- F.3d ----, 2016 WL 6833343, at *5 (4th Cir. 2016) (concluding South Carolina common law robbery is violent felony); *United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016) (concluding Indiana robbery statute is violent felony); *United States v. Jenkins*, 651 F. App'x 920, 928 (11th Cir. 2016) (unpublished) (concluding Florida robbery statute is "crime of violence" under U.S.S.G. § 4B1.2(a)'s elements clause); *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015) (concluding Tennessee robbery statute is violent felony).

-17-

threats or intimidation—require the use or threatened use of physical force.[9] We

also answer in the affirmative.

Again, the starting point to answering this question is the Colorado

Supreme Court's express word. In *Jenkins*, the court sought to construe

Colorado's felon-in-possession statute, which criminalized the possession of a

firearm if the defendant had a prior felony conviction "involving the use of force

or violence." 599 P.2d at 912 (citation omitted). Specifically, the question

answered in *Jenkins* was whether robbery by *intimidation* required "force or

violence" consistent with the felon-in-possession statute. *Id*. at 913. The court

explained that "force or fear is the main element of the offense of robbery" and

concluded "that the offense of robbery, whether committed by actual force, or by

---

[9] In applying the categorical approach, the Supreme Court has instructed us to identify the least culpable conduct criminalized by the state statute. *Moncrieffe*, 133 S. Ct. at 1684. Only if the least culpable conduct fits the federal comparison does a state crime qualify as a violent felony under the ACCA. By limiting our analysis to a particular means (here, actual force), we would shortchange what is required by the categorical approach. For Harris's conviction to qualify as a violent felony under the ACCA, we must be able to conclude that Colorado robbery categorically fits the ACCA's violent felony definition. *See Descamps*, 133 S. Ct. at 2290–91 ("[E]very element of every statute can be imaginatively transformed . . . so that every crime is seen as containing an infinite number of sub-crimes corresponding to 'all the possible ways an individual can commit' it. [*United States v.*] *Aguila–Montes*, 655 F.3d [915, 927 (9th Cir. 2011)]. (Think: Professor Plum, in the ballroom, with the candlestick?; Colonel Mustard, in the conservatory, with the rope, on a snowy day, to cover up his affair with Mrs. Peacock?). If a sentencing court . . . can compare each of those 'implied . . . means of commission' to the generic ACCA offense, *ibid*. (emphasis deleted), then the categorical approach is at an end." (last alteration in original)). Thus, we must also analyze the constructive force means.

-18-

constructive force, [i].e., threats or intimidation, is a crime involving the use of 'force or violence.'" *Id.* at 913, 914. The dissent, in explaining its read of the majority's decision observed, "The majority opinion states that the terms 'threats or intimidation' used in the robbery statute connotes force. I think not. The effect of the majority opinion is to say that 'threats or intimidation' are an unnecessary part of the term 'by the use of force, threats or intimidation.'" *Id.* at 914 (Groves, J., dissenting). So *Jenkins* supports the proposition that there is a common denominator between the alternative means of "force, threats, or intimidation"—they all involve the use of "force or violence."

But at least two recent federal district court decisions have determined that robbery by threats or intimidation in Colorado do not require the use or threatened use of physical force. *See United States v. Crump*, No. 15-CR-123 (D. Colo. Dec. 2, 2015) (oral ruling); *United States v. Estes*, No. 05-CR-187 (D. Colo. Sept. 15, 2016). Particularly, the court in *Estes* noted *Jenkins* did not specify that the force or violence must be in the form of personal harm. *See Estes*, slip op. at 7.

For support, these courts looked to *People v. Gallegos*, which involved a felon-in-possession case in which the underlying felony was attempted robbery by threat. 563 P.2d 937, 938 (Colo. 1977). Gallegos had been convicted in 1973 for "threat[ening] to blow up a Greeley business unless its owner paid him $100." *Id.* In his felon-in-possession case, Gallegos claimed that "robbery by threat to blow up another's property" was not a felony involving the use of "force or violence"

-19-

as required by the felon-in-possession statute. *Id.* The lower court agreed. *Id.* In reversing, the Colorado Supreme Court concluded "an attempted robbery by threat is a felony involving the use of force under the statute." *Id.* Construing "force" as referenced in the *felon-in-possession statute*, the court cited a prior decision involving forcible rape and reasoned that "'by force' . . . includ[es] 'force or violence threatened as a result of noncompliance and for the purpose of preventing resistance, or extorting consent.'" *Id.* at 939. To be sure, *Gallegos* does not speak to the scope of the threats or intimidation means in Colorado's robbery statute. That Gallegos was convicted of robbery in 1973 for threats against property adds nothing without knowing the circumstances of the conviction.

More on point, the Colorado Supreme Court has rejected the notion that threats against property (*i.e.*, by extortionist means) can support a robbery conviction. The Colorado Supreme Court in *People v. Moore* held that extortionist means do not equate to robbery but are more in line with the crime of theft. 518 P.2d 944, 945 (Colo. 1974). There, the defendant telephoned the manager of a store and told him there were bombs in the store and that he would detonate them unless he was paid a sum of money. *Id.* Police arrested the defendant when he went to collect the money and he was later convicted of robbery. The supreme court reversed the defendant's conviction, concluding "the crime that the defendant committed was the crime of theft, and not robbery." *Id.*

-20-

*Moore* undermines the position that Colorado would prosecute threats against

property, or intimidation by means not implicating bodily harm, as robbery.[10]

---

[10] One might fault us for not looking to the common law to determine what threats or intimidation suffices. For there are common law sources that indicate threat to one's reputation or property might equate to robbery at common law. *See* 2 Edward Hyde East, *A Treatise of the Pleas of the Crown* 715–26 (London, Butterworth 1803) (discussing *Donolly* case where defendant was prosecuted for robbery by threatening he would take victim before magistrate and accuse him of committing "unnatural crime"). But Professor LaFave provides a concise explanation for why this is not persuasive.

> We have seen, in the discussion of robbery, that to obtain another's property by means of a threat of immediate bodily harm to the victim (or to someone in his company) is robbery; and robbery is held to embrace also a threat to destroy the victim's home or a threat to accuse him of sodomy. That was, however, as far as robbery by threats went—doubtless because the severe penalty for robbery, long a capital offense, restrained the courts from expanding robbery to include the acquisition of property by means of other effective threats—such as a threat to inflict future rather than immediate bodily harm, or to destroy the victim's property other than his house, or to accuse him of some crime other than sodomy, or to expose his failings or secrets or otherwise to damage his good name or business reputation. *To fill this vacuum practically all states have enacted statutes creating what is in effect a new crime—in some states called statutory extortion, in others blackmail . . . .*

3 LaFave § 20.4 (emphasis added). And indeed Colorado has codified the crimes of extortion, Colo. Rev. Stat. § 18-3-207 (2016), and theft by threat, § 18-4-401(1); *see also Schott v. People*, 482 P.2d 101, 102 (Colo. 1971) (explaining "when the legislature adopted the theft statute, including the theft by threat section . . . it repealed by § 19 the blackmail statute, thus indicating an intent to include within the theft statute those offenses by which money, goods, chattels or other valuable things were extorted by means of threat" (citations omitted)).

In sum, whether by force, or by threats or intimidation, we conclude that robbery in Colorado has as an element the use or threatened use of physical force against another person. The Colorado Supreme Court has emphasized that robbery requires a *violent* taking consistent with the common law, which comports with the definition of physical force provided by the Supreme Court in *Johnson I*. We therefore find it more theoretical than realistic that conduct (or threatened conduct) not equating to physical force would be prosecuted as robbery in Colorado. Thus, robbery in Colorado is a violent felony under the ACCA's elements clause in § 924(e)(2)(B)(i).[11]

---

[11] We note that our conclusion is consistent with an unpublished decision from this court and an Eighth Circuit decision. *See United States v. Forrest*, 611 F.3d 908, 911 (8th Cir. 2010) (citing *Borghesi* and concluding defendant's Colorado robbery conviction "was a violent felony conviction under § 924(e)(2)(B)(i)"); *United States v. Futrell*, 83 F.3d 434, 1996 WL 200602, at *1 (10th Cir. 1996) (unpublished) (holding Colorado robbery statute "requires the use of force, threat or intimidation, which all involve an element of violence"). We agree with Harris, however, that these decisions are not binding on us here.

## III. Conclusion

In the beginning, we stated the issue in this appeal questions what should be the obvious. Although requiring more analysis than needed at first blush, we, in the end, return to the obvious: Statutory robbery in Colorado is a violent felony under the ACCA. We therefore AFFIRM.[12]

---

[12] With the issuance of this decision we DENY the parties' joint motion for expedited consideration. *See* Joint Motion for Expedited Consideration, *United States v. Harris*, No. 16-1237 (10th Cir. Sept. 22, 2016).

<u>United States v. Harris</u>, No. 16-1237

**EBEL**, J., concurring.

"A person who knowingly takes anything of value from the person or presence of another by use of force, threats, or intimidation commits robbery" under Colorado law. Colo. Rev. Stat. § 18-4-301(1).  The district court held that such an offense is categorically a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), because it "has as an element the use, attempted use, or threatened use of physical force against the person of another," with force defined as "force capable of causing physical pain or injury to another person," <u>Johnson v. United States</u>, 559 U.S. 133, 140 (2010).  On appeal, Defendant-Appellant Michael Harris argues that the force Colorado requires to support a robbery conviction based on "use of force" is less than the "force" the ACCA requires.  Instead, according to Harris, Colorado law permits a robbery conviction based on only de minimis force.  I agree with the majority's analysis rejecting Harris's argument.  <u>See</u> Maj. Op. at 11-17.  On that basis, I concur in denying Harris 28 U.S.C. § 2255 relief.

The majority, however, goes on to address whether Colorado robbery committed by means of threat or intimidation has as an element the use, attempted use, or threatened use of physical force against another capable of causing physical pain or injury.  But Harris never makes any argument on appeal implicating either of those two means of committing robbery in Colorado.  The Government, in <u>Harris</u>, logically did not address those other two means of committing robbery either.  The majority's discussion of those

"constructive force" means is, therefore, not as well-informed as it could be and, in any event, amounts only to dicta, dicta with which I disagree.

The majority concludes we have to address Colorado robbery by means of threat or intimidation because, in determining whether a state conviction categorically qualifies as a "violent felony" under the ACCA, we must focus on the least conduct criminalized by the Colorado robbery statute. See Maj. Op. at 18 n.9 (citing Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013)). Even so, that does not justify ignoring time-honored jurisprudence limiting our decisions to the issues raised by the parties.

Here, we have no briefing or argument from the parties to frame the question of whether Colorado robbery by means of threat or intimidation requires proof of the same or greater force than the ACCA requires for a "violent felony." Resolution of that issue will affect countless defendants in the future. Moreover, as I have indicated in my dissent in United States v. Crump, No. 15-1497, --- F. App'x--- (10th Cir. 2016), there are arguments made in that case that persuade at least me that Colorado robbery committed by means of threats or intimidation does not qualify categorically as a "violent felony." The majority's opinion here does not address those specific arguments.

The majority fears inconsistent rulings: If we hold Harris's Colorado robbery conviction to be categorically a "violent felony" without addressing robbery by threat or intimidation, we might inconsistently later hold that Colorado robbery by threat or intimidation does not qualify as a "violent felony." But that possibility is easily solved here by noting in the Harris opinion that Harris argued only that Colorado robbery conviction based on "use of force" can be satisfied by less force than the ACCA requires

2

for a "violent felony," and we therefore leave for another day any consideration of Colorado robberies committed by threat or intimidation.

As it turns out, waiting for that other day is not a problem. <u>Crump</u>,which we also decide today, squarely places before this panel the more inclusive question of whether a Colorado robbery committed by force, threat, or intimidation necessarily has as an element the use, attempted use, or threatened use of physical force against another person which constitutes force capable of causing physical pain or injury. The parties in <u>Crump</u> fully briefed and argued all the issues necessary for this court to decide that question in that case. I would, therefore, address all three means of committing robbery in Colorado in that case and, for the reasons stated in my dissent in <u>Crump</u>, I conclude there that a Colorado robbery conviction is <u>not</u> categorically a "violent felony" under the ACCA.