LYNCH, Circuit Judge,
concurring.
I join that portion of Judge Torruella’s fine opinion affirming the judgment of conviction and the order remanding the case, but not the discussion of the sentencing issues concerning the two predicate state crimes. I do agree that the case must be remanded to the district court for a review of the Shepard documents newly produced on appeal by the government. But I believe we should not address issues beyond that remand for consideration of the Shepard documents by the district court in the first instance.
The average person on the street would ordinarily think that the state crime of assault and battery on a police officer would meet the ACCA definition of crime of violence, that is “the use, attempted use, or threatened use of physical force against the person of another.” 18 U.S.C. § 924(e)(2)(B)©. Other circuits have noted that tension. See United States v. Harris, 844 F.3d 1260, 1262 (10th Cir. 2017) (noting that question of whether robbery is a “violent felony” for ACCA “should be [] obvious,” but that under the governing analysis, “the obvious may not be so plain”). It is perfectly clear Congress intended enhanced punishment to apply to *61 recidivists whose prior crimes met that definition. But in recent years the Supreme Court has issued a series of decisions restructuring the analysis from one directly addressed to Congressional intent, into a number of other tests. I do not question here that the sentencing portion of Judge Torruella’s opinion is faithful to those judicially created tests. I do have doubts about the majority’s holding as to several issues I consider not to be necessary to the opinion. My doubts about these matters do not prevent me from agreeing that the remand is the correct outcome.
My concern is that use of these tests can lead courts to reach counterintuitive results, and ones which are not what Congress intended. Respected circuit judges share this concern. See, e.g., United States v. Doctor, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring) (observing that “the categorical approach can serve as a protracted ruse for paradoxically finding even the worst and most violent offenses not to constitute crimes of violence” and that “too aggressively applied, [the categorical approach] eviscerates Congress’s attempt to enhance penalties for violent recidivist behavior”), petition for cert. filed, 85 U.S.L.W. - (U.S. Mar. 17, 2017) (No. 16-8435).
The concern has also been expressed most eloquently by several Justices of the United States Supreme Court. As Justice Kennedy has said, “arbitrary and inequitable results produced by applying an elements based approach ... could not have been Congress’ intent.” Mathis v. United States, - U.S. -, 136 S.Ct. 2243, 2258, 195 L.Ed.2d 604 (2016) (Kennedy, J., concurring). In Mathis, Justice Breyer, joined by Justice Ginsburg, in dissent stated “[t]he elements/means distinction that the Court draws should not matter for sentencing purposes. I fear that the majority’s contrary view will unnecessarily complicate federal sentencing law, often preventing courts from properly applying the sentencing statute that Congress enacted.” Id at 2259 (Breyer, J., dissenting). And, also dissenting in Mathis, Justice Alito, discussing the “modified categorical” approach culminating in Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), stated “[p]rogrammed in this way, the Court set out on a course that has increasingly led to results that Congress could not have intended.” Id. at 2268 (Alito, J., dissenting).
I also agree with Justice Kennedy’s hope for Congress to “amend[ ] the ACCA to resolve these concerns,” id. at 2258 (Kennedy, J., concurring), as well as other concerns, including racially disparate results, which have-been highlighted in efforts at sentencing reform. See Seung Min Kim, Senators Plan to Revive Sentencing Reform Push, Politico (Jan. 4, 2017, 5:13 AM), http://www.politico.com/story/2017/ 01/senate-criminal-justiee-sentencing-reform-233071; Bill Keller, Will 2017 Be the Year of Criminal Justice Reform?, N.Y. Times (Dec. 16, 2016), http://www. nytimes.com/2016/12/16/opinion/will-2017-be-the-year-of-criminal-justice-reform. html.