**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IVORY THOMAS,

    Defendant - Appellant.

No. 16-1321
(D.C. No. 1:15-CR-00393-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Ivory Thomas pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His presentence investigation report assigned him a base-offense level of 20, based in part on a prior felony crime-of-violence conviction for a robbery in Colorado. *See* U.S.S.G. § 2K2.1(a)(4)(A). Thomas objected and argued that robbery in Colorado did not qualify as a crime of violence for federal sentencing purposes. *See* Colo. Rev. Stat. § 18-4-301(1) (2016). At sentencing, the district court

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

overruled Thomas's objection and concluded that robbery in Colorado is indeed a crime of violence. *See* U.S.S.G. § 4B1.2(a)(1). Because of his guilty plea, Thomas received a three-level acceptance-of-responsibility reduction, and the district court also granted the government's motion to depart one more level downward because Thomas generally waived his appellate rights. Combined with his Criminal History category of VI, the adjusted offense level of 16 yielded a guideline range of 46 to 57 months. The district court varied downward and imposed a sentence of 41 months.

In his plea agreement, Thomas waived his general right of appeal, but maintained his specific right to appeal the district court's finding that robbery in Colorado is a crime of violence. Thomas has appealed that question.

After Thomas's sentencing, our circuit settled that question. In *United States v. Harris*, 844 F.3d 1260 (10th Cir. 2017), we concluded that robbery in Colorado— "knowingly tak[ing] anything of value from the person or presence of another by the use of force, threats, or intimidation," Colo. Rev. Stat. § 18-4-301(1)—is a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). On the same day, the same circuit panel concluded in *United States v. Crump*, No. 15-1497, __ Fed. Appx. __ , 2017 WL 33530 (Jan. 4, 2017) (unpublished), that robbery in Colorado, for the same reasons the panel had stated in *Harris*, qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1).

Thomas acknowledges that the purpose of his appeal now is to preserve the issue for Supreme Court review. Thomas may consider the issue so preserved. As he likely knows, "[w]e are bound by the precedent of prior panels absent en banc reconsideration

2

or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993). We affirm.

Entered for the Court


Gregory A. Phillips
Circuit Judge