**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALONZO VICTORIO,

Defendant - Appellant.

No. 17-1219
(D.C. Nos. 1:16-CV-01305-MSK and
1:08-CR-00046-MSK-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MATHESON**, **KELLY,** and **MURPHY**, Circuit Judges.

This matter is before the court on Alonzo Victorio's counseled request for a certificate of appealability ("COA"). Victorio seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Because Victorio has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Victorio pleaded guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924. Thereafter, Victorio filed the instant § 2255 motion, asserting an entitlement to relief under

the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e)(1), is unconstitutionally vague). The district court denied Victorio's § 2255 motion, concluding Victorio's sentence for being a prohibited person in possession of a firearm was not imposed under the terms of the ACCA.

Victorio seeks a COA so he can appeal the district court's determination that his sentence was not enhanced by reference to the ACCA. In his request for a COA, however, Victorio candidly and correctly concedes that even if his sentence was enhanced by reference to the ACCA, he is still precluded from obtaining § 2255 relief by this court's decision in *United States v. Harris*, 844 F.3d 1260, 1270 (10th Cir. 2017) (holding that "robbery in Colorado is a violent felony under the ACCA's elements clause in § 924(e)(2)(B)(i)"). That is, Victorio admits he has three predicate felonies for Colorado aggravated robbery. Although he recognizes the relief he seeks is precluded by the decision in *Harris*, he noted in his request for a COA that a petition for a writ of certiorari was pending before the Supreme Court in *Harris*. Accordingly, on November 17, 2017, this court abated this matter pending the Supreme Court's resolution of the petition for certiorari in *Harris*.

On April 2, 2018, the Supreme Court denied certiorari in *Harris*. *Harris v. United States*, No. 16-8616, 2018 WL 1568033 (April 2, 2018). Accordingly, we

lift the abatement previously entered by the court in this case.[1]  Furthermore,

given Victorio's entirely appropriate concession that *Harris* precludes him from

obtaining relief, this court **DENIES** his request for a COA and **DISMISSES** this

appeal.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that the

granting of a COA is a jurisdictional prerequisite to an appeal from the denial of a

§ 2255 motion).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]In a status report filed with this court on April 4, 2018, Victorio recognizes that the Supreme Court denied certiorari in *Harris*, but asks that we continue to abate this case pending the decision of the Supreme Court in *United States v. Stokeling*, 684 F. App'x 870 (11th Cir. 2017), *cert. granted sub nom Stokeling v. United States*, No. 17-5554, 2018 WL 1568030 (April 2, 2018).  We **DENY** Victorio's request to abate this case pending a decision in *Stokeling*, a decision which might not come until June of 2019.  Notably, in *Harris*, this court held that to qualify as a violent felony under the ACCA, a substantial degree of force was necessary (i.e., that "mere touching" did not suffice).  844 F.3d at 1265. *Harris* went on to hold that Colorado robbery, consistent with the ACCA requirement, required a "violent" taking.  *Id.* at 1266-68 & n.4.  In *Stokeling*, on the other hand, the question upon which certiorari was granted is as follows:

> Is a state robbery offense that includes "as an element" the common
> law requirement of overcoming "victim resistance" categorically a
> "violent felony" under the [elements clause of the ACCA], if the
> offense has been specifically interpreted by state appellate courts to
> require only slight force to overcome resistance?

Given that *Harris* definitively interpreted Colorado state case law as to robbery as requiring more than de minimis force, the decision in *Stokeling*, which deals with only the "slight" force necessary to commit Florida robbery, is highly unlikely to have any impact on this case.