FILED
United States Court of Appeals
Tenth Circuit

May 29, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DUSTIN DEAN,

      Defendant - Appellant.

No. 17-2113
(D.C. Nos. 1:16-CV-00289-WJ-LAM and
1:11-CR-02011-WJ-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.
_____

Dustin Dean appeals the district court's denial of his 28 U.S.C. § 2255 motion.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In 2012, Dean pled guilty to being a felon in possession of a firearm and

ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court

imposed an enhanced sentence after determining that Dean had three prior New

Mexico convictions that qualified as violent felonies under the Armed Career

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Criminal Act ("ACCA"): commercial burglary, residential burglary, and attempted armed robbery. Dean's Presentence Investigation Report noted that he also had a prior New Mexico conviction for aggravated battery. In the wake of Johnson v. United States, 135 S. Ct. 2251 (2015), Dean filed a § 2255 motion in which he argued that his convictions for attempted armed robbery and aggravated battery do not qualify as violent felonies under the "elements clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i).[1] The district court rejected the motion and denied a certificate of appealability ("COA"). After Dean timely appealed, we granted a COA.

## II

"We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Harris, 844 F.3d 1260, 1263 (10th Cir. 2017) (quotation and alteration omitted).

On appeal, Dean challenges the characterization of his prior conviction for attempted armed robbery as a violent felony. But in United States v. Garcia, 877 F.3d 944 (10th Cir. 2017), we held that robbery under N.M. Stat. § 30-16-2 "is a violent felony under the ACCA's Elements Clause" because it "has as an element the use or threatened use of physical force against another person." Garcia, 877 F.3d at 956. An armed robbery conviction under New Mexico law requires a finding that the defendant "commit[ed] robbery while armed with a deadly weapon." N.M. Stat. § 30-16-2. New Mexico's attempt statute explains that "[a]ttempt to commit a felony

---

[1] Dean concedes that his convictions for commercial burglary and residential burglary are violent felonies.

2

consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." N.M. Stat. § 30-28-1. Because robbery under New Mexico law qualifies as a violent felony under the ACCA's elements clause, it follows that attempted armed robbery under New Mexico law also qualifies. See § 924(e)(2)(B)(i) (defining "violent felony" to include felonies that have "as an element the use, attempted use, or threatened use of physical force against the person of another" (emphasis added)).[2]

## III

For the foregoing reasons, we **AFFIRM**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Because we conclude that Dean's conviction for attempted armed robbery qualifies as his third violent felony, we need not address his argument with respect to aggravated battery.