FILED
United States Court of Appeals
Tenth Circuit

November 20, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENT CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES STEVEN MAXWELL,

Defendant - Appellant.

No. 18-5074
(D.C. Nos. 4:16-CV-00402-JHP-JFJ
and 4:10-CR-00190-JHP-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

This matter is before the court on James Steven Maxwell's counseled request for a certificate of appealability ("COA"). Maxwell seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Because Maxwell has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Maxwell "was convicted by a jury of two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 195 months of imprisonment." *United States v. Maxwell*, 492 F.

App'x 860, 862 (10th Cir. 2012).  On appeal, this court affirmed Maxwell's

convictions and sentence.  *Id.* at 869.  In so doing, this court rejected Maxwell's

contention that the district court erred in imposing upon him an enhanced

sentence pursuant to the Armed Career Criminal Act ("ACCA").  *Id.* at 868-69.

Thereafter, Maxwell filed the instant § 2255 motion, asserting an entitlement to

relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct.

2551 (2015) (holding that the residual clause of the Armed Career Criminal Act

("ACCA"), 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e)(1), is unconstitutionally

vague).  The district court denied Maxwell's § 2255 motion, concluding this

court's decision in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016),

precluded granting post-conviction relief in Maxwell's favor.  In particular, the

district court ruled that given the decision in *Taylor*, Maxwell's 1981 and 1985

Oklahoma state convictions for assault and battery with a dangerous weapon,

Okla. Stat. tit. 21, § 645, qualified as predicate offenses under the elements

clause[1] for purposes of the enhanced penalties set out in the ACCA.  Thus, even

assuming Maxwell's Oklahoma state convictions were treated as violent felonies

under the ACCA's residual clause at the time of the original sentencing hearing,

---

[1]The ACCA's elements clause, which was left undisturbed by the Supreme
Court's invalidation of the residual clause in *Johnson*, *see United States v. Harris*,
844 F.3d 1260, 1262 (10th Cir. 2017), defines the term "violent felony" to include
any felony that "has as an element the use, attempted use, or threatened use of
physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

any such error was harmless because the relevant convictions qualified as violent felonies under the ACCA's elements clause.[2]

Maxwell seeks a COA so he can appeal the district court's denial of his *Johnson*-based § 2255 motion. In his counseled request for a COA, however, Maxwell candidly and correctly concedes this court's "ruling in *Taylor* is on point and will require the panel to deny this appeal." Appellant Br. At 6. Thus, according to Maxwell, his "request for a COA is made in the interest of preserving [his] argument for purposes of filing a petition for writ of certiorari in the Supreme Court or other possible appellate avenues." *Id.* That being the case, Maxwell is not entitled to a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing § 2253(c)(2) for the proposition that to be entitled to a COA, a movant must make "a substantial showing of the denial of a constitutional right" and holding that to make the requisite showing, the movant must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues

---

[2]It is perfectly reasonable and judicially efficient for a district court to assume a movant's sentence was enhanced under the ACCA's residual clause when it is clear the movant is not, in any event, entitled to relief because the relevant convictions qualify as violent felonies under the ACCA's elements clause. Nevertheless, it is worth again emphasizing that, to be entitled to relief under *Johnson*, it is the movant's burden to demonstrate by a preponderance of the evidence that the district court relied on the residual clause in arriving at the movant's original sentence. *United States v. Washington*, 890 F.3d 891, 894-97 (10th Cir. 2018).

presented were adequate to deserve encouragement to proceed further"

(quotations omitted)).

For those reasons set out above, this court **DENIES** Maxwell's request for

a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge