FILED
United States Court of Appeals
Tenth Circuit

December 30, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMAS BARRAZA-RAMOS,

Defendant - Appellant.

No. 08-3027

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 6:07-CR-10113-MLB-1)

David J. Freund, Assistant Federal Public Defender, Office of the Federal Public
Defender, Wichita, Kansas, appearing for Appellant.

Leon J. Patton, Assistant United States Attorney (Eric F. Melgren, United States
Attorney, and Brent I. Anderson, Assistant United States Attorney, on the brief),
Office of the United States Attorney for the District of Kansas, Wichita, Kansas,
appearing for Appellee.

Before **TACHA**, **KELLY**, and **HOLMES**, Circuit Judges.

**TACHA**, Circuit Judge.

Defendant-Appellant Tomas Barraza-Ramos pleaded guilty to unlawful

reentry by a deported alien previously convicted of an aggravated felony, a

violation of 8 U.S.C. § 1326(a) and (b)(1). He appeals his 192-month sentence, arguing that his prior conviction under Fla. Stat. § 784.045(1)(b) for felony aggravated battery is not a conviction for a felony "crime of violence" warranting a sixteen-level enhancement under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2L1.2(b)(1)(A)(ii). He also contends that the district court improperly used the same facts to support both an upward variance and an upward departure from the advisory Guidelines range. We have jurisdiction under 28 U.S.C. § 1291, and because we conclude that Mr. Barraza-Ramos's previous offense of felony aggravated battery is not categorically a crime of violence, we REVERSE and REMAND for resentencing.

## I. BACKGROUND

After he was found in Wichita, Kansas, Mr. Barraza-Ramos was charged with one count of illegal reentry after deportation subsequent to conviction for an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(1). He entered into a plea agreement with the government under Fed. R. Crim. P. 11(c)(1)(C), agreeing to plead guilty and to a sentence at the low end of the Guidelines range as determined by the United States Probation Office.

The Probation Office then prepared a presentence report ("PSR"). The PSR noted that the base offense level for a violation of § 1326(a) is 8. *See* U.S.S.G. § 2L1.2(a). The PSR added a sixteen-level enhancement based on Mr. Barraza-Ramos's prior conviction for felony aggravated battery under Fla. Stat.

-2-

§ 784.045(1)(b), which it deemed a felony crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). After a reduction of three levels for acceptance of responsibility, *see id.* § 3E1.1, Mr. Barraza-Ramos's total offense level was 21. This level, combined with his criminal history category of IV, produced an advisory Guidelines range of fifty-seven to seventy-one months. The PSR noted, however, that Mr. Barraza-Ramos's "criminal history chronicles a consistent history of illegal presence in the United States coupled with a propensity to operate a motor vehicle while under the influence of alcohol," and that this factor might warrant a departure or variance from the Guidelines range.

Mr. Barraza-Ramos objected to the PSR's determination that felony aggravated battery under Fla. Stat. § 784.045(1)(b) is a felony crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). According to Mr. Barraza-Ramos, the offense is only an aggravated felony, which warrants only an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). That enhancement would produce a Guidelines range of twenty-four to thirty months. Mr. Barraza-Ramos further objected to the PSR's conclusion that a departure or variance might be warranted.

After the district court considered the PSR, the court notified the parties that it intended to reject the plea agreement and to impose a sentence above the advisory range. Mr. Barraza-Ramos declined the opportunity to withdraw his guilty plea.

In a subsequent sentencing memorandum, and at Mr. Barraza-Ramos's

sentencing hearing, the district court overruled both of Mr. Barraza-Ramos's objections to the PSR. The court relied on the Eleventh Circuit's decision in *United States v. Llanos-Agostadero*, 486 F.3d 1194 (11th Cir. 2007), which held that felony aggravated battery under Fla. Stat. § 784.045(1)(b) is a felony crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *Id.* at 1195. The court further concluded that Mr. Barraza-Ramos's criminal history category of IV under-represented the seriousness of his criminal background, noting that the PSR reported eleven convictions for driving under the influence. The court departed upward under U.S.S.G. § 4A1.3(a)(1) by increasing his criminal history category to VI, which produced a sentencing range of seventy-seven to ninety-six months. The court then stated that a ninety-six-month sentence was insufficient in light of the factors set forth in 18 U.S.C. § 3553(a), relying in part on Mr. Barraza-Ramos's history of drunk driving. Accordingly, the court varied upward from ninety-six months to 192 months, or sixteen years, in prison.

Mr. Barraza-Ramos timely appeals, arguing that the district court erred in applying the sixteen-level enhancement for a crime of violence under § 2L1.2(b)(1)(A)(ii) and in using the same facts to support both the upward departure and the upward variance. We conclude that the Florida offense is not categorically a crime of violence, and that the district court's error on this point is not harmless. We therefore remand for resentencing without reaching the so-called "double-counting" issue.

-4-

## II. DISCUSSION

We review sentences for reasonableness under an abuse-of-discretion standard. *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). "Our appellate review of a defendant's sentence includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Sallis*, 533 F.3d 1218, 1222 (10th Cir. 2008) (quotations omitted). Mr. Barraza-Ramos's crime-of-violence challenge goes to the procedural reasonableness of his sentence because it challenges the calculation of the applicable Guidelines range. *See id.* at 1222–23. We review de novo a district court's determination that a prior offense qualifies as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *United States v. Zuniga-Soto*, 527 F.3d 1110, 1116–17 (10th Cir. 2008).

The Guidelines dictate a sixteen-level enhancement for a violation of 8 U.S.C. § 1326(a) and (b) if the "defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The application notes to § 2L1.2(b)(1)(A)(ii) define "crime of violence" as:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force

against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).  *See also United States v. Torres-Ruiz*, 387 F.3d 1179, 1181 (10th Cir. 2004) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.") (quotations omitted).  Therefore, a felony automatically qualifies as a crime of violence if it is one of the twelve enumerated offenses under U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).  *Zuniga-Soto*, 527 F.3d at 1115. If the felony is not enumerated, it is still considered a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against" another person.  *Id.*

Aggravated battery is not one of the enumerated crimes of violence. Therefore, we must determine whether it has as an element the use, attempted use, or threatened use of physical force against another person.  In doing so, we must "take 'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).  Put another way, we must "examine only the elements of the statute of conviction and disregard the specific factual circumstances underlying the defendant's prior arrest."  *Zuniga-Soto*, 527 F.3d at 1118 (quotations omitted).

Mr. Barraza-Ramos pleaded guilty to[1] and was convicted of violating Fla. Stat. § 784.045(1)(b). That subsection states: "A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." *Id.* Because § 784.045(1)(b) does not set forth a substantive offense, but rather elevates the existing offense of simple battery to felony aggravated battery when the victim is pregnant,[2] we must determine whether simple battery under Florida law contains as an element the use, attempted use, or threatened use of physical force. If it does, then a conviction under § 784.045(1)(b) for battery on a pregnant victim necessarily contains the same element and will be considered a crime of violence.

In Florida, a person commits battery when he: "1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person." Fla. Stat. § 784.03. Thus, a person may commit battery under Fla. Stat. § 784.03—and, consequently, aggravated battery under Fla. Stat. § 784.045(1)(b)—in three ways: actually and intentionally touching a pregnant woman against her will, actually and

---

[1]The charging document first refers to Mr. Barraza-Ramos's plea as "guilty" and later refers to it as "nolo contendere." This ambiguity, however, does not affect our analysis.

[2]Subsection (2) of that statute provides that aggravated battery is a second-degree felony. Fla. Stat. § 784.045(2).

intentionally striking a pregnant woman against her will, or intentionally causing a pregnant woman bodily harm. Because Florida's battery statute defines the offense in multiple ways, we may examine judicial records to determine which part of the statute to analyze. *See Zuniga-Soto*, 527 F.3d at 1121; *United States v. Hays*, 526 F.3d 674, 676 (10th Cir. 2008); *United States v. Maldonado-Lopez*, 517 F.3d 1207, 1211 (10th Cir. 2008) (McConnell, J., concurring) ("[I]t is permissible to look to [certain records] if the statute itself has subparts with different enumerated elements, and it is not clear which set of elements the defendant was convicted under.").

Specifically, in the case of a guilty or no-contest plea, we may look to "'the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *Zuniga-Soto*, 527 F.3d at 1120 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). This inquiry is limited to ascertaining which definition of a crime to evaluate in analyzing whether the crime has as an element the use, attempted use, or threatened use of physical force. *See id.* at 1121. It is improper to use these sources to determine whether the factual circumstances underlying the conviction involve the use, attempted use, or threatened use of physical force. *Id.*

In this case, the only judicial records of Mr. Barraza-Ramos's conviction

under Fla. Stat. § 784.045(1)(b) are the charging document and the judgment of guilt.[3] The charging document alleges that Mr. Barraza-Ramos:

> did, in violation of Florida Statute 784.045(1)(b), commit a battery upon [the victim], and in furtherance thereof, did actually and intentionally touch or strike the said [victim], against the will of the said [victim], who was pregnant at the time of the offense, and that Thomas [sic] Joseph Barraza knew or should have known that the said [victim] was pregnant.

This document clarifies that Mr. Barraza-Ramos was not charged with (and could not have been convicted of) the third method of committing a battery under Fla. Stat. § 784.03: intentionally causing a pregnant woman bodily harm. The document does not, however, indicate which of the other methods of battery was charged. Rather, the document alleges that he intentionally touched *or* struck the victim against her will.

The judgment of guilt does not clarify the issue. It states that Mr. Barraza-Ramos pleaded guilty to "the offense of aggravated battery" and notes that the statute of offense is § 784.045(1)(b). The judgment does not refer to the battery statute, § 784.03, or otherwise state whether Mr. Barraza-Ramos was convicted of touching or striking the victim under § 784.03.

Thus, the record does not indicate which of those two prongs Mr. Barraza-Ramos violated when he committed battery on the pregnant victim. Therefore,

---

[3]The PSR also contains some information about the conviction, but a PSR is not one of the documents we may examine as part of this analysis. *Hays*, 526 F.3d at 678.

unless *both* methods of committing battery include an element of the use, threatened use, or attempted use of physical force, Mr. Barraza-Ramos's conviction cannot support the enhancement under § 2L1.2(b)(1)(A)(ii). *See Hays*, 526 F.3d at 678.

We recently held that, under Wyoming law, the offense of unlawfully touching another in a rude, insolent, or angry manner does not contain an element of the use or attempted use of physical force. *Id.* at 679. Thus, a conviction for that offense did not support a conviction for possession of a firearm after having been convicted of a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9) and § 924(a)(2). *Id.* at 675, 679. We noted that "the Supreme Court and both this circuit and others have suggested that 'physical force' means more than mere physical contact; that some degree of power or violence must be present in that contact to constitute 'physical force.'" *Id.* at 677. We concluded that "'physical force' in a 'crime of violence[]' must, from a legal perspective, entail more than mere contact." *Id.* at 681.[4] As such, we reasoned that battery under Wyoming law—which includes either unlawful touching *or* knowingly or recklessly causing bodily injury to another person—is not categorically a crime of violence. *Id.* at 679.

----

[4]In doing so, we rejected a contrary approach taken by the Eleventh Circuit in *United States v. Griffith*, 455 F.3d 1339, 1342 (11th Cir. 2006), and, by extension, *Llanos-Agostadero*, 486 F.3d at 1197–98. As we noted earlier in this opinion, the district court in this case relied on *Llanos-Agostadero* in ruling that Mr. Barraza-Ramos's conviction was for a crime of violence.

We see no meaningful distinction between *Hays* and the case before us. The offense under Fla. Stat. § 784.045(1)(b) for felony aggravated battery, premised on a violation of § 784.03's prohibition on intentionally touching a person against her will *or* striking a person against her will, does not have as an element the use, attempted use, or threatened use of physical force against another person. Therefore, in such circumstances it is not a felony crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

## III.  CONCLUSION

We REVERSE the district court's application of the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).  This error in calculating the advisory Guidelines range was not harmless, and we therefore REMAND for resentencing.  *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).