UNITED STATES of America,
Plaintiff–Respondent,

v.

Anthony BARELA, Defendant–Movant.

No. 16–cv–00588–WJ–KRS,
No. 13–cr–3892–WJ

United States District Court,
D. New Mexico.

Filed 07/25/2017

Thomas B. Jameson, Federal Public Defender Office, Albuquerque, NM, for Defendant–Movant.

Jack Burkhead, U.S. Attorney's Office, Albuquerque, NM, for Plaintiff–Respondent.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE

WILLIAM P. JOHNSON, UNITED STATES DISTRICT JUDGE

THIS MATTER comes before the Court upon the Proposed Findings and Recommended Disposition ("PFRD") entered by Magistrate Judge Lourdes A. Martinez on April 13, 2017. In accordance with 28 U.S.C. § 636(b)(1)(B), Judge Martinez recommended denying Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, [Doc. No. 11], to which Defendant timely objected on June 8, 2017.[1] [Doc. No. 15]. Plaintiff did not file a response to Defendant's objections. Having conducted a de novo review of the specific portions of the PFRD to which Defendant objects, the Court determines that it will overrule Defendant's objections, adopt the PFRD, and dismiss cause No. 16–cv–00588–WJ–KRS with prejudice.

## Factual Background and Procedural History

On September 24, 2014, Defendant pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). [Cr. Doc. No. 35]. Although such a charge generally carries a maximum sentence of ten years, 18 U.S.C. § 924(b), Defendant had previously been convicted of three or more violent felonies; namely, two convictions for armed bank robbery in the United States District Court for the District of New Mexico, and three convictions for armed robbery in the Second Judicial District Court for the State of New Mexico. These prior convictions made Defendant subject to the Armed Career Criminal Act ("ACCA") and its accompanying fifteen year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). Consequently, Defendant agreed to an enhanced sentence totaling fifteen years, and he was so sentenced on May 5, 2015. [Cr. Doc. No. 46].

Less than sixty days later, on June 26, 2015, the United States Supreme Court issued its decision in *Johnson v. U.S.*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein it struck down the residual clause of the ACCA as unconstitutional. This decision was the catalyst to Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, filed narrowly within the one year limitations period on June 15, 2016. [Doc. No. 1]. *See* 28 U.S.C. § 2255(f)(3) (explaining that motions under 28 U.S.C. § 2255 must be filed within one

---

1. Defendant's deadline was extended to June 12, 2017, following a successful Unopposed Motion to Extend Time to File Objections. [Doc. 12].

year of the date that the right asserted therein was initially recognized by the Supreme Court).

In his motion, Defendant argues that in light of *Johnson*, his New Mexico armed robbery convictions do not qualify as "violent felonies" under 18 U.S.C. Section 924(e)(2)(B), and he moves the Court to correct his sentence accordingly.[2] On April 13, 2017, Magistrate Judge Martinez recommended that the Court deny Defendant's motion, concluding that armed robbery in New Mexico, as enumerated in N.M. Stat. Ann. § 30-16-2, satisfies the requirements of § 924(e)(2)(B)(i). [Doc. No. 11]. Defendant challenges this determination, arguing, in sum, that the Magistrate Judge's findings are based upon a misapplication of the law. [Doc. No. 15].

### Standard of Review

Any portion of a magistrate judge's disposition to which a party objects must be determined, de novo, by the referring district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Here, Defendant objects to Magistrate Judge Martinez's conclusion that an armed robbery conviction under New Mexico's robbery statute constitutes a "violent felony" for the purposes of the ACCA. This particular issue is shrouded in controversy as there is no concurrence amongst our District Court judges and the Tenth Circuit has yet to consider New Mexico's robbery statute post-*Johnson*. *See, e.g., United States v. King*, No. CV 16-501 MV/KK, 248 F.Supp.3d 1062, 2017 WL 1506766 (D.N.M. Mar. 31, 2017) (holding that armed robbery in New Mexico is not a "violent felony" under the ACCA); *United States v. Garcia*, No. CV 16-0240 JB/LAM, 2017 WL 2271421 (D.N.M. Jan. 31, 2017) (concluding that robbery constitutes a "violent felony" as contemplated by the ACCA).

### Discussion

Pursuant to the ACCA, one who violates 18 U.S.C. § 922(g) and has three prior convictions for violent felonies shall be imprisoned for a term no less than fifteen years. 18 U.S.C. § 924(e)(1). The Act defines the term "violent felony," in pertinent part, as "any crime punishable by imprisonment for a term exceeding one year" that either:

> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B). This two-part definition actually comprises three distinct clauses: (1) the "force clause" which accounts for the entirety of § 924(e)(2)(B)(i); (2) the "enumerated offenses clause" which specifically identifies burglary, arson, extortion, and the use of explosives as violent felonies, § 924(e)(2)(B)(i)(ii); and (3) the now defunct "residual clause" which, as its designation implies, provides the catchall language of "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

In the aftermath of *Johnson*, 135 S.Ct. 2551, *see supra* pp. 1332–33, crimes not named in the enumerated offenses clause—such as robbery and armed robbery—must fall under the force clause to qualify as violent felonies for ACCA purposes. *See id.* at 2563 (holding the residual clause of the ACCA unconstitutional while affirming the application of the Act to the remaining clauses). Accordingly, to determine whether Defendant's armed robbery conviction qualifies as a violent felony, the

---

**2.** Defendant does not dispute that his two federal bank robbery convictions qualify as

"violent felonies" for ACCA purposes.

Court must inquire as to whether the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

Although not defined in § 924(e)(2)(B)(i), the United States Supreme Court has made clear that the term "physical force," as used in the context of the force clause, means "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The *Johnson* Court went on to differentiate bodily injury from physical force, explaining that the latter "might consist...of only that degree of force necessary to inflict pain—a slap in the face, for example." *Id.* at 143, 130 S.Ct. 1265.

■ To engage in the required inquiry, courts employ a categorical approach which looks to the elements of the statute of conviction and asks whether the crime's elements, alone, satisfy the ACCA's definition of violent felony. *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). A modified categorical approach is applied when the statute of conviction sets out one or more elements of the offense in the alternative. In such a case, the statute is deemed "divisible" and a court may examine certain documents from the record to determine under which elements of the offense the defendant was convicted. *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017). The identified elements are then analyzed under the unmodified categorical framework. *Id.*

### Analysis

■ In the case at bar, Defendant was convicted of armed robbery under N.M. Stat. Ann. § 0–16–2 which provides:

Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

Whoever commits robbery is guilty of a third degree felony.

Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

As the statutory alternatives of robbery and armed robbery carry different punishments, the statute is divisible and the modified categorical approach applies.[3] *See Mathis*, 136 S.Ct. 2243, 2256 (2016).

Citing *Mathis*, Defendant inaccurately argues that "the modified categorical approach is never used when the elements of a stated offense, such as robbery, "are broader than those of a listed generic offense." 136 S.Ct. at 2251." [Doc. 15, p. 20]. *Mathis*, however, explores a statute which enumerates multiple means of committing the same element; the cited language has no relevance to the application of the modified categorical approach. *Mathis*, 136 S.Ct. 2243, 2249 (2016).[4] Further, under

3. The Court notes that the modified categorical approach is generally used to analyze crimes that either fall within the enumerated offenses clause or have otherwise generic titles such as "battery." See *Johnson*, 559 U.S. 133, 144, 130 S.Ct. 1265 (2010) (discussing the use of the modified categorical approach when statutory phrases cover several generic crimes). In the case at bar, however, the statutory basis of Defendant's conviction—armed robbery—is clear, and thus the modified categorical approach is likely superfluous, if not inapplicable. Even so, as the approach is discussed in both the PFRD and Defendant's objections to the PFRD, the Court will include it in its analysis. Regardless of whether the Court employs the approach or not, its ultimate inquiry will be the same either way: whether armed robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4(e)(2)(B)(i).

4. A means versus element analysis is unnecessary as Defendant does not argue this point

the modified approach, the Court need not consider whether simple robbery is a categorical match to the ACCA's definition of violent felony. Rather, the Court need only determine whether the offense of robbery while armed with a deadly weapon is such a match. *Titties*, 852 F.3d 1257, 1268 (10th Cir. 2017) (stating that the modified categorical approach is used to identify the relevant elements of the offense before applying the categorical approach).

Similarly, Defendant relies upon *United States v. Barraza–Ramos*, 550 F.3d 1246 (10th Cir. 2008), for the proposition that because armed robbery has simple robbery as an element, the Court must first determine whether simple robbery is a categorical match to the definition of violent felony. This, too, is misguided. In *Barraza–Ramos*, the Tenth Circuit was tasked with determining whether one convicted of aggravated battery under Fla. Stat. § 784.045(1)(b), which criminalizes the knowing battery of a pregnant victim, qualified as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In so doing, the Court was required to first consider whether simple battery has "as an element the use, attempted use, or threatened use of physical force against another person." *Barraza–Ramos*, 550 F.3d 1246, 1251 (10th Cir. 2008). There, however, the underlying offense remained simple battery. The elevation to "aggravated" was a result of who was battered, not how the victim was battered.

In contrast, armed robbery, like simple robbery, "consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence," N.M. Stat. Ann. § 30–16–2, but it also includes the added requirement that the robbery be accomplished while the perpe-

trator is armed with a deadly weapon. *See* N.M. UJI 14–1621. Accordingly, when comparing the offense of armed robbery to the force clause, the requisite physical force may be found in the elements the offense shares with simple robbery, the addition of a deadly weapon, or both.

Regardless, the Court concludes that simple robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), and thus qualifies as a violent felony under the ACCA. Armed robbery, then, which comprises all of the elements of simple robbery, plus the additional deadly weapon component, is also a violent felony under the ACCA.

Importantly, in *United States v. Nicholas*, No. 16-3043, 686 Fed.Appx. 570, 2017 WL 1429788 (10th Cir. Apr. 24, 2017), the Tenth Circuit recently held that a conviction for robbery under Kansas' state statute could not be used to enhance a sentence under the ACCA. *Id.* at 576–77, at *5. In so ruling, the Court reasoned that because the Kansas Supreme Court had upheld a robbery conviction based on de minimis physical force, the offense did not rise to the level of a violent felony. *Id.* Mere minimal force would not sustain a robbery conviction under New Mexico law, and cases suggesting otherwise have done so in dicta. *See State v. Curley*, 1997–NMCA–038, ¶ 4, 123 N.M. 295, 939 P.2d 1103 (noting that New Mexico has cases which proffer that even a slight amount of force is sufficient to constitute a robbery, but recognizing that such statements are dicta).

Further, a review of New Mexico case law elucidates that simple robbery requires a level of force commensurate with the force clause found in § 924(e)(2)(B)(i).

and, pursuant to *Mathis*, 136 S.Ct. 2243, 2256 (2016), N.M. Stat. Ann. § 0–16–2 is divisible

on its face.

See, e.g., State v. Bernal, 2006-NMSC-050, ¶ 28, 140 N.M. 644, 146 P.3d 289 (emphasizing that robbery is "a crime against a person," and that "the robbery statute is designed to protect citizens from violence"); State v. Clokey, 1976-NMSC-035, ¶ 3, 89 N.M. 453, 553 P.2d 1260 ("The question of whether or not the snatching of the purse from the victim was accompanied by sufficient force to constitute robbery is a factual determination, within the province of the jury's discretion") (emphasis added); State v. Lewis, 1993-NMCA-165, ¶ 15, 116 N.M. 849, 867 P.2d 1231 (declining to interpret the New Mexico robbery statute "to encompass situations where force is used to retain property immediately after its nonviolent taking," and reiterating that "force must be the lever by which property is separated from the victim") (emphasis added); State v. Sanchez, 1967-NMCA-009, ¶¶ 13-15, 78 N.M. 284, 430 P.2d 781 (finding that a fist against a victim's back is insufficient to show that the victim was compelled to part with his property and explaining that "[t]he situation here is comparable to those pickpocket or purse snatching cases, where even though there was some touching or jostling involved as the property was taken, the crime was larceny because of the absence of force or fear").

### Conclusion

For the reasons stated above and those set forth in the PFRD, the Court finds that Defendant's prior New Mexico armed robbery conviction was properly used as a sentence enhancement under the ACCA.

**IT IS THEREFORE, ORDERED** that Defendant's Objections to the Magistrate's Proposed Findings and Recommended Disposition, filed June 8, 2017, [Doc. 15], are hereby overruled.

**IT IS FURTHER ORDERED** that Magistrate Judge Martinez's Proposed Findings and Recommended Disposition, filed April 13, 2017, [Doc. 14], are hereby adopted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2225, filed June 15, 2016, [Doc. 1], is hereby denied and cause No. 16-CV-00588-WJ-KRS is hereby dismissed with prejudice.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION [1]

LOURDES A. MARTÍNEZ, UNITED STATES MAGISTRATE JUDGE

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") ***Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255*** [*Doc. 1*],[2] filed on June 15, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on November 25, 2016. [*Doc. 5*], and Defendant filed a reply on January 9, 2017 [*Doc. 8*]. United States District Judge William P. Johnson referred the

---

1. Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 36(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

2. Hereinafter, all documents from Case No. CIV-16-0588 cited in this decision will be designated as "Doc." followed by their docket number, and all documents from Case No. CR-13-3892 cited in this decision will be designated as "Cr.Doc."

claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 10*]. Having considered the motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR–13–3892, the undersigned recommends, for the reasons set forth below, that Defendant's § 2255 motion [*Doc. 1*] and be **DENIED** and that this case be **DISMISSED with prejudice.**

**Factual and Procedural Background**

On September 24, 2014, pursuant to a Plea Agreement [*Cr.Doc. 35*], Defendant pled guilty to an Indictment [*Cr.Doc. 13*], which charged him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On May 15, 2015, Defendant was sentenced to a term of 15 years imprisonment, and 3 years of supervised release. [*Cr.Doc. 47* at 2–3].

In his § 2255 motion, Defendant states that he was facing a mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") based on two convictions for armed bank robbery in the United States District Court for the District of New Mexico in 2002, and three state convictions for armed robbery in New Mexico District Court in 2003. [*Doc. 1* at 2]. Defendant contends that the state armed robbery convictions no longer qualify as crimes of violence following the holding of *Johnson v. United States,* — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) ("*Johnson 2015*"). *See id.* Therefore, Defendant contends that "post *Johnson [2015]* [Defendant's] plea makes little sense and, in fact, imposes an illegal sentence above the maximum authorized by law." *Id.* Specifically, Defendant contends that a conviction under New Mexico's robbery statute, N.M.S.A. § 30–16–2, is not a crime of violence under the force clause because it does not require proof of the

use or threatened use of violent, physical force, and Defendant relies on *Johnson v. United States,* 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ("*Johnson 2010*"), in which the Supreme Court held that the term "physical force" in the ACCA's force clause, § 924(e)(2)(B)(i), must be "strong physical force," "a substantial degree of force," or *"violent force—*that is, force capable of causing physical pain or injury to another person." *See id.* at 4–12. Defendant further contends that New Mexico armed bank robbery does not qualify as a crime of violence under the ACCA's force clause because "[t]here is no requirement that the weapon be brandished or used in any fashion to enable the commission of the robbery," and "[t]here is no requirement of a nexus between the simple robbery and possession of the weapon." *Id.* at 12–13. Therefore, Defendant asks the Court to vacate his sentence and resentence him without the ACCA enhancement. *See id.* at 14.

In response, the Government contends that Defendant's convictions for New Mexico armed robbery satisfy the force requirements for an enhancement under the ACCA. *See* [*Doc. 5* at 2–4]. The Government states that, while it concedes that New Mexico's simple robbery statute does not meet the force requirements of *Johnson 2010,* based on the Government's contention that armed robbery requires the use of a deadly weapon in the commission of a robbery, New Mexico's armed robbery statute does meet the *Johnson 2010* violent force standard. *See id.* at 3–4.

In reply, Defendant contends that New Mexico's armed robbery statute does not require force sufficient to meet the standard in *Johnson 2010* because "[i]n New Mexico, an accused may be convicted of armed robbery by merely possessing a weapon during a robbery," and does not require the use of the weapon during the

robbery. [*Doc. 8* at 1]. Defendant relies on a holding by a District Judge in this Court that New Mexico armed robbery does not satisfy the ACCA's violent felony definition. *See id.* at 2 (relying on *United States v. King*, No. CR–02–2092 MV, *Doc. 84* ). Defendant contends that, since a person can be convicted of armed robbery even when the accused did not intend to use the weapon, or when the accused did not use the weapon or even make the victim aware of the weapon, the New Mexico armed robbery statute does not satisfy the ACCA's force clause. *See id.* at 3–4.

## Discussion

Under the ACCA, an individual who violates § 922(g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions ... for a violent felony or a serious drug offense," will receive a mandatory, minimum 15–year sentence. 18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* ....

18 U.S.C. § 924(e)(2)(B)(i)–(ii) (emphasis added). The emphasized clause is referred to as the "residual clause," and in *Johnson 2015* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution. *Johnson 2015*, 135 S.Ct. at 2557.

Now that the residual clause has been found to be unconstitutional, the Court must determine whether Defendant's prior convictions supporting his ACCA-enhanced sentence satisfy the definition of "violent felony" under the remaining clauses of the ACCA. Since Defendant's convictions for armed robbery are not enumerated offenses under § 924(e)(2)(B)(ii), the Court must consider whether they fall under the "force" clause under § 924(e)(2)(B)(i). In *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265 (2010) ("*Johnson 2010*"), the Supreme Court held that the term "physical force" in § 924(e)(2)(B)(i) must be "strong physical force," "a substantial degree of force," or "*violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140, 130 S.Ct. 1265 (emphasis in original) (finding that Florida's battery statute, which only required intentional physical contact, no matter how slight, did not constitute "physical force" under § 924(e)(2)(B)(i)). In addition, to determine whether a prior conviction qualifies under the ACCA, the court will ordinarily apply what is called the categorical approach, which looks only at the elements of the statute under which the defendant was convicted. *See Johnson 2015*, 135 S.Ct. at 2557. However, in cases where a particular offense contains multiple elements listed in the alternative, a sentencing court may employ a modified categorical approach and examine a limited set of materials, including the terms of the charging document, to determine which alternative elements formed the basis of the defendant's conviction. *See Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). Therefore, in evaluating whether Defendant's prior convictions for New Mexico armed robbery constitute violent felonies under the force clause of the ACCA, the Court must deter-

mine whether the statute prohibits conduct that "has as an element the use, attempted use, or threatened use of" violent force against the person of another, as that force is defined in *Johnson 2010.*

> New Mexico's robbery statute states:
>
> Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> Whoever commits robbery is guilty of a third degree felony.
>
> Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

N.M.S.A. § 30–16–2. Since this statute defines three separate crimes of robbery—for first degree, second degree, and third degree felonies—by listing elements in the alternative, this is a divisible statute, and the Court should employ the modified categorical approach to determine under which element of the crime Defendant was convicted. *See Mathis,* 136 S.Ct. at 2249 and 2256 (explaining that "divisible" statutes are those that "list elements in the alternative, and thereby define multiple crimes," and later instructing that "[i]f statutory alternatives carry different punishments, then under *Apprendi* they must be elements"). Here, Defendant challenges his convictions for New Mexico armed robbery. *See* Presentence Investigation Report, dated November 19, 2014, ¶ 42; *see also* [*Doc. 1* at 2] (Defendant's § 2255 motion stating that he is challenging his sentence based on his convictions for New Mexico armed robbery). Therefore, Defendant's convictions required proof of the element of being "armed with a deadly weapon" during commission of the offense. *See* N.M.S.A. § 30–16–2. The New Mexico Criminal Code defines "deadly weapon" as "any firearm, whether loaded or unloaded; or any weapon which is capable of producing death or great bodily harm." *See* N.M.S.A. § 30–1–12(B). The same statute sets forth the definition of "great bodily harm" as "an injury to the person which creates a high probability of death; or which causes serious disfigurement; or which results in permanent or protracted loss or impairment of the function of any member or organ of the body." N.M.S.A. § 30–1–12(A).

The Court finds that Defendant's convictions for New Mexico armed robbery satisfy the definition of violent felony pursuant to *Johnson 2010.* Recently, the Tenth Circuit has found that Colorado's robbery statute, which is similar to New Mexico's robbery statute, matches the level of force required by *Johnson 2010* because the Colorado Supreme Court has held that "force or fear is the main element of the offense of robbery," and that "the offense of robbery, whether committed by actual force, or by constructive force, i.e., threats or intimidation, is a crime involving the use of force or violence." *United States v. Harris,* 844 F.3d 1260, 1269 (10th Cir. 2017) (citations, internal quotation marks, and brackets omitted). Relying on *Harris,* a District Judge in this Court found that New Mexico's third degree (or simple) robbery statute also requires sufficient force under *Johnson 2010 to constitute a violent felony under the ACCA. See Garcia,* No. 16–CIV–240 JB/LAM (*Doc. 37* at 55–57). The Court in *Garcia* stated that it "does not think the Supreme Court of New Mexico disagrees that the force requisite to suffice robbery in New Mexico entails physical, violent force or threat of such force." *Id.* at 56. The Court in *Garcia* relied on the New Mexico Supreme Court case of *State v. Bernal,* which construed the difference between larceny and robbery in New Mexico, and found that, because "robbery generally carries a heavier punishment than larceny, the robbery statute clearly is designed

to protect citizens from violence." *See id.* (quoting *Bernal*, 2006–NMSC–050, ¶ 28, 140 N.M. 644, 146 P.3d 289). Therefore, it appears that New Mexico's armed robbery statute requires sufficient force under *Johnson 2010* to constitute a violent felony under the ACCA because the underlying robbery requires *Johnson 2010*-level violent force.

Defendant contends that New Mexico armed robbery does not require the use of sufficient force under the ACCA's force clause because there is no requirement that the weapon be brandished or used during the commission of the robbery. *See* [*Doc. 1* at 12] and [*Doc. 8* at 3–4]. The Court agrees with Defendant that, because New Mexico armed robbery only requires that the robbery be committed while armed with a deadly weapon, and does not require that the weapon be brandished or used in any way, "[t]he New Mexico armed robbery statute fails to require any more force than the simple robbery statute." [*Doc. 1* at 13]. However, because the Court finds that the holding in *Harris* indicates that New Mexico simple robbery is likely a violent felony under the force clause, armed robbery is, therefore, also a violent felony because it is comprised of simple robbery while armed with a deadly weapon. *See, e.g., United States v. Serrano*, No. 16–CIV–670 RB/WPL (*Doc. 11* at 9) ("Because armed robbery is comprised of simple robbery plus the element of a deadly weapon, armed robbery is also categorically a violent felony for purposes of the ACCA.").[3]

The Court notes that Defendant relies on the holding in *United States v. King*, No. CR–02–2092 MV, No. CIV–16–501 MV/KK, in which the Court found that New Mexico's armed robbery statute does not satisfy *Johnson 2010's* definition of violent force. *See King*, No. CIV–16–501 MV/KK (*Docs. 12, 15*, and *18*). The *King* decision first finds that New Mexico third degree robbery is not a violent felony under *Johnson 2010* and distinguishes New Mexico state court cases interpreting New Mexico's robbery statute from Colorado state court cases relied on by the Tenth Circuit in *Harris. See King*, No. CIV–16–501 MV/KK (*Doc. 18* at 10–17). The decision then reasons that New Mexico armed robbery also does not meet *Johnson 2010's* definition of physical force because it criminalizes robberies committed while armed with a deadly weapon, but does not require the use of the weapon. *See id.* at 20–28.

While the Court is sympathetic to both of these findings, the Court declines to follow the holding in *King* because, as explained above, the Court finds that it is not clear that a conviction for New Mexico robbery does not constitute a violent felony under the ACCA after the holding in *Harris*. As noted by the Court in *Garcia*, the New Mexico Supreme Court in *Bernal* stated that New Mexico's robbery statute "clearly is designed to protect citizens from violence." *See Garcia*, No. 16–CIV–240 JB/LAM (*Doc. 37* at 56) (quoting *Bernal*, 2006–NMSC–050, ¶ 28). The Court in *King* distinguished the New Mexico Supreme Court's holding in *Bernal* from the

---

**3.** Even if New Mexico's robbery statute is not a violent felony under the ACCA, the presence of a deadly weapon under New Mexico's armed robbery statute may, in itself, satisfy *Johnson 2010's* definition of physical force under the ACCA. Since *Johnson 2010* defines physical force as "force *capable of* causing physical pain or injury to another person," then the use or threatened use of force or violence in taking something from the person or immediate control of another, coupled with the presence of a deadly weapon, may satisfy this definition since a deadly weapon is certainly capable of causing physical pain or injury. *Johnson 2010*, 559 U.S. at 140, 130 S.Ct. 1265 (emphasis added). At the very least, it increases the risk of *Johnson 2010*-level force.

Colorado Supreme Court decision relied on in *Harris* because a prior New Mexico Supreme Court decision and both prior and subsequent New Mexico Court of Appeals decisions have only required a slight degree of force for robbery convictions, and because the *Bernal* decision "made no attempt to address the type or quantum of force this element requires, or to revisit" the prior cases interpreting this statute. *King*, No. 16–CIV–501 MV/KK (*Doc. 18* at 13). The Court, however, finds that the *Harris* decision instead appears to support a finding that the holding in *Bernal* is controlling as to whether a conviction for New Mexico robbery constitutes sufficient force under *Johnson 2010*, regardless of a prior New Mexico Supreme Court decision or any New Mexico Court of Appeals decisions. *See Harris*, 844 F.3d at 1269 (stating that "the starting point" to answer whether or not the state statute meets the level of force required by *Johnson 2010* "is the Colorado Supreme Court's express word"). Accordingly, the Court finds that it is likely that New Mexico robbery satisfies *Johnson 2010's* definition of physical force and, therefore, New Mexico armed robbery also satisfies this definition because it is comprised of robbery while being armed with a deadly weapon. In addition, the Court notes that at least three other decisions in this Court have found similarly. *See United States v. Dean*, No. CIV–16–289 WJ/LAM (*Doc. 15*) (finding that New Mexico attempted armed robbery is a violent felony under the ACCA's force clause); *United States v. Baker*, No. CIV–16–715 PJK/GBW (*Doc. 9*) (finding that New Mexico armed robbery is a violent felony under ACCA's force clause); and *United States v. Serrano*, No. CIV–16–670 RB/WPL (*Doc. 11*) (same).

### Conclusion

**IT IS THEREFORE RECOMMENDED**, for the reasons stated above, that Defendant's *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 1*] be **DENIED** and that this case be **DISMISSED with prejudice.**